# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| JAQUALINE MCGEE | CIVIL ACTION NO. 19-0106 |
| VERSUS | JUDGE DONALD E. WALTER |
| BOSSIER PARISH SCHOOL BOARD, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss filed by Defendants Bossier Parish School Board ("BPSB"), David Hennigan ("Hennigan"), Sherri Pool ("Pool")[1], Frank Reaugeau ("Reaugeau")[2], David Thrash ("Thrash"), and Scott Smith ("Smith"). [Rec. Doc. 11]. Also before the Court is a Motion to Dismiss filed by Defendants Red River United ("RRU") and Jackie Lansdale ("Lansdale"). [Rec. Doc. 13]. Plaintiff, Jaqualine McGee ("McGee"), has not filed an opposition to either motion. For the reasons assigned herein, Defendants' motions are **GRANTED**.

## BACKGROUND INFORMATION

McGee is an employee of BPSB, where she formerly worked as a cafeteria manager. McGee states that her performance as cafeteria manager was considered satisfactory until January 2018, when the police interviewed her in connection with a criminal investigation of another employee. [Rec. Doc. 1-2 at 3]. McGee states that after the interview she started to

---

[1] Plaintiff names Sherri Poole as a Defendant in her Complaint. However, BPSB's Director of Human Resources is named Sherri Pool. [Rec. Doc. 11].

[2] Plaintiff also names Frank Rauso as a Defendant in her Complaint. BPSB does not employ anyone by that name. BPSB believes Plaintiff intended to name Frank Reaugeau, BPSB's Chief Financial Officer. [Rec. Doc. 11].

receive reprimands. See id. On February 7, 2018, McGee was given a two-day suspension without pay for the inappropriate use of school funds to purchase alcohol for the cafeteria employee Christmas party. See id. at 6-7. Shortly thereafter, on March 5, 2018, McGee was given a written reprimand for her behavior at a scheduled community goodwill breakfast. See id. at 8. When community leaders arrived at her school to serve breakfast to students, McGee informed them that the event had been canceled without verifying this information with her chain of command. See id. According to BPSB, the event was not canceled, and McGee should have responded to the situation in a more positive manner. See id. McGee was given a written reprimand, which noted that McGee exercised poor judgment and unsatisfactory work performance by failing to call a supervisor and clear up any confusion before rudely sending away the community leaders. See id. When McGee was presented with the written reprimand, she signed it as follows: "This is not what happened, I'm signing because I read the reprimand." See id.

On March 8, 2018, Pool, BPSB's Human Resources Director, placed McGee on administrative leave, with pay, while the matter was being investigated. See id. at 10. The same day, Hennigan, BPSB Interim Food Service Supervisor, recommended to Smith, BPSB Superintendent, that McGee be terminated for insubordination and dishonesty. See id. at 11. Hennigan found that the allegations set forth in the March 5, 2018, reprimand were correct based on corroborating statements by Pool and Thrash, Principal of Bossier High School. See id.

By letter dated July 3, 2018, Superintendent Smith informed McGee that he was contemplating disciplinary action against her because of her actions at the community breakfast and her lack of cooperation with the investigation of the incident. See id. at 14. McGee provided a written statement to Smith containing her version of the events surrounding the community

2

breakfast. See id. at 15-16. Smith was not swayed by McGee's explanation. Smith decided to demote McGee to the position of food service technician. See id. at 17. McGee states that a younger, white female filled her management position. See id. at 3. Thereafter, McGee took extended sick leave for injuries she alleges were sustained from a January 2018 slip and fall in a freezer at the school.[3] See id. at 18-23, 47-48, 50-55, 59-60.

McGee filed two official charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On September 11, 2018, McGee filed a charge against BPSB with the EEOC and the Louisiana Commission on Human Rights, alleging discrimination on the basis of race, age, and retaliation. See id. at 7. In the charge, McGee states that she began receiving reprimands shortly after she was interviewed by the police in connection with a criminal investigation of another employee. See id. On September 17, 2018, the EEOC dismissed McGee's case, provided her with notice of her right to sue, and cautioned that a lawsuit must be filed within 90 days. See id. at 2.

On November 14, 2018, McGee filed a second EEOC charge against her union, RRU, alleging discrimination on the basis of race, color, sex, age, and genetic information. See id. at 78-82.[4] McGee described RRU's alleged discrimination as follows: "I think that [RRU] did not represent me to the best of their ability. Instead of fighting for me, they only tried to work out an agreement." See id. at 78. On November 27, 2018, McGee received a right to sue letter from the EEOC related to her charge against RRU. [Rec. Doc. 1 at 1].

---

[3] McGee filed a workers' compensation claim for this injury. [Rec. Doc. 1-2 at 24-28].

[4] The Court believes McGee intended to check the box for retaliation, but mistakenly checked the box labeled genetic information. Title VII complaints may only encompass discrimination related to the allegations contained in the EEOC charge or arising from the charge during the course of the EEOC investigation. McClain v. Lufkin Indus., Inc., 519 F.3d 264, 273 (5th Cir. 2008).

On January 28, 2019, McGee filed a Complaint in this Court seeking damages under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. See id. McGee named BPSB and its employees Hennigan, Pool, Reaugeau, Thrash, and Smith as Defendants. See id. McGee also named her union, RRU, and two RRU employees, Lansdale and Elizabeth Gipson. See id.[5] The Defendants move to dismiss McGee's claims with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. [Rec. Docs. 11 and 13].

**LAW AND ANALYSIS**

I. **Rule 12(b)(6) standard**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When a complaint falls short of this directive, a defendant may move to dismiss the claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). Under this standard, "factual allegations must be

---

[5] Gipson is a former employee of RRU. RRU refused to accept service on Gipson's behalf because she is no longer an employee. [Rec. Doc. 13 at 1]. On June 18, 2019, the Clerk of Court dismissed Gipson from the lawsuit due to McGee's failure to timely serve Gipson with the Complaint. [Rec. Doc. 18].

enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56, 127 S.Ct. at 1965. If a pleading only contains "labels and conclusions" and "formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (citation omitted). Courts do not have to accept legal conclusions as facts. See id. However, the Court "should not dismiss [a] claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that [she] could prove consistent with the allegations in the complaint." Martin K. Eby, 369 F.3d at 467 (quoting Jones, 188 F.3d at 324).

## II. Claims against BPSB

A claim under Title VII must be filed within 90 days of receipt of a right to sue letter issued by the EEOC. See 42 U.S.C. § 2000e-5(f)(1); Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002). The 90-day period to sue under Title VII functions as a statute of limitations. See Espinoza v. Missouri Pac. R.R. Co., 754 F.2d 1247, 1250 (5th Cir. 1985). Without evidence to the contrary, the Court must presume that a plaintiff receives an EEOC right to sue letter within three days after it is mailed. See Jenkins v. City of San Antonio Fire Dept., 784 F.3d 263, 267 (5th Cir. 2015). The EEOC issued McGee a right to sue BPSB on September 17, 2018. [Rec. Doc. 1-2 at 1]. Thus, this Court must presume that Plaintiff received the letter on September 20, 2018. The deadline for McGee to file her lawsuit against BPSB was December 19, 2018. McGee did not file her lawsuit until January 28, 2019, more than a month late. McGee has not alleged any facts in her Complaint to suggest that equitable tolling is applicable in this case. Accordingly, McGee's claims against BPSB are untimely and must be dismissed with prejudice.

The Court notes that even if McGee's claims against BPSB were not untimely, she has not alleged sufficient facts to support her claim for Title VII retaliation. McGee's Complaint centers upon her belief that she experienced retaliation after she was interviewed in connection with a criminal investigation of a fellow employee, and suffered an injury on the job. Assuming that the allegations are true for the purpose of this motion, retaliation premised on participation in a criminal investigation is not a cognizable claim under Title VII. Likewise, retaliation against an employee for filing a workers' compensation claim does not create liability under Title VII.[6]

Title VII forbids an employer from retaliating against an employee who files a charge of discrimination or participates in an investigation of discrimination. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 59, 126 S.Ct. 2405, 2410 (2006). Title VII retaliation requires a plaintiff to establish that (1) she participated in protected activity under Title VII; (2) her employer took an adverse action; and (3) a causal connection exists between the protected activity and adverse employment action. See McCoy v. City of Shreveport, 492 F.3d 551, 556-57 (5th Cir. 2007). McGee did not allege that she engaged in Title VII protected activity prior to being reprimanded or demoted, which is insufficient to state a Title VII retaliation claim.

Similarly, even if McGee's claims against BPSB were timely, she has failed to present sufficient facts to support a plausible claim for race or age discrimination under Title VII. A plaintiff is not required to plead a prima facie case based on discrimination at the pleading stage

---

[6] McGee alleges in her Complaint that she began receiving reprimands in part because of her injury at work. [Rec. Doc. 1 at 1]. Title VII does not address retaliation based on the filing of a workers' compensation claim. This is a state law matter. It is unclear to the Court whether McGee intended to assert a claim against BPSB for workers' compensation discrimination under Louisiana law. To the extent McGee did assert such a claim, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), and the claim is **DISMISSED WITHOUT PREJUDICE.**

for purposes of Rules 8 and 12(b)(6), but she must set forth sufficient allegations to enable the court to reasonably infer that her employer discriminated against her because of a protected characteristic. See Brown v. Metroplex Plumbing, No. 17-2131, 2017 WL 6466747, at *3 (N.D. Tex. Oct. 5, 2017). Although McGee filed an EEOC charge of discrimination, she did not allege that BPSB discriminated against her because of her race or age. Rather, McGee contends in her EEOC charge that she began experiencing reprimands after the police interviewed her. [Rec. Doc. 1-2 at 3]. In her Complaint, McGee states:

> I feel I was retaliated against because I did not tell the police officers what they wanted to know about an employee, and that I fell in the freezer at the job. I was there [sic] target to get me out. Ten year [sic] employment not one write up. Within one month I had four or five write up [sic]. After I was placed on suspension, the white woman they put in my place had started changing my office around for herself. She told the techs that she will [sic] be taking my place.

[Rec. Doc. 1 at 2]. McGee's only statement about race or age in her EEOC charge is as follows: "While out on leave, I learned that my cafeteria manager position was filled by a younger white female." [Rec. Doc. 1-2 at 3]. McGee has offered no facts alleging that any action taken by BPSB, including her replacement as cafeteria manager, was motivated by race or age. To the contrary, McGee clearly states that BPSB was motivated by her interaction with the police and a workplace injury. This is insufficient to support a plausible claim for Title VII race or age discrimination.

### III. Claims against BPSB employees

McGee also named BPSB employees Hennigan, Pool, Reaugeau, Thrash, and Smith as Defendants in her complaint. However, these individuals are not subject to liability under Title VII. "[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee." Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 n. 8 (5th Cir. 2003) (citing 42 U.S.C. § 2000e(b)'s definition of employer). Individual employees cannot

7

be held liable under Title VII in either their individual or official capacities. See id.; Umoren v. Plano Indep. Sch. Dist., 457 F. App'x 422, 425 (5th Cir. 2012). Therefore, McGee's claims against Hennigan, Pool, Reaugeau, Thrash, and Smith must be dismissed with prejudice.

IV. **Claims against RRU and its employees**

McGee also filed Title VII claims against her union, RRU, and RRU employees Lansdale and Gipson. As noted above, these claims stem from a separate EEOC charge filed against RRU. McGee received her EEOC letter of her right to sue RRU on November 27, 2018. [Rec. Doc. 1-2 at 78-82]. Because McGee filed her lawsuit within 90 days, her claims against RRU and Lansdale are timely filed.

RRU argues that McGee's claims should be dismissed because her Complaint does not allege that RRU or its employees had any involvement in BPSB's decision to demote her or replace her with a younger, white woman. [Rec. Doc. 13-1 at 1]. The Court agrees that McGee's Complaint does not suggest that RRU was responsible for BPSB's decision to demote her from cafeteria manager to cafeteria technician. McGee merely alleges that RRU did not represent her to the best of their ability. [Rec. Doc. 1-2 at 78]. Accepting this allegation as true, it is simply insufficient to sustain a claim of Title VII discrimination against RRU or its employees. There is no mention of any discrimination by RRU, Lansdale, or Gipson on the basis of race, color, religion, sex, national origin, or genetic information as noted in McGee's charge of discrimination.

Moreover, the Court notes that McGee did not have an employment relationship with RRU or its employees. Title VII only authorizes private suits against employers. See 42 U.S.C. § 2000e(b). Because neither RRU nor Landsdale had an employment relationship with McGee, there is no liability under Title VII. For these reasons, McGee has failed to state a plausible

claim against RRU or Lansdale for which relief may be granted. McGee's claims against RRU and Lansdale must be dismissed with prejudice.

## CONCLUSION

Based on the foregoing reasons, the Motion to Dismiss [Rec. Doc. 11] filed by BPSB, Hennigan, Pool, Reaugeau, Thrash, and Smith is **GRANTED**. The Motion to Dismiss [Rec. Doc. 13] filed by RRU and Lansdale is **GRANTED**.

Plaintiff's Title VII claims against BPSB are hereby **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Hennigan, Pool, Reaugeau, Thrash, and Smith are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against RRU and Landsdale are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim against BPSB for workers' compensation retaliation, and it is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1367(c)(3).

**THUS DONE AND SIGNED**, this 26 day of June, 2019.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE